RCANNELLA, Judge.
Defendant, Certain Underwriters at Lloyd’s London (Lloyd’s), appeals from the trial court ruling in favor of plaintiff, Ford Motor Credit Company (FMCC), denying Lloyd’s exception to venue. For the reasons which follow, we reverse and render.
On or about July 2, 1996, Billy Densmore (Densmore) purchased from Crescent Ford Truck Sales, Inc. a 1997 Ford LT 8513 dump truck. Densmore financed the acquisition of the dump truck by executing a Louisiana Vehicle Retail Installment Contract. In the installment contract Densmore promised to pay $71,631.72 in 36 equal monthly installments of $1,989.77, the first installment due on August 16,1966. As security for the loan, Densmore granted to the holder thereof a security interest in the dump truck. Shortly after execution of the installment contract, that contract was assigned to FMCC, which is the current owner and holder thereof.
laAt the time Densmore purchased the dump truck, he was doing business under the trade name Certified Paving. • Under that name, on September 17,1996, Densmore purchased a policy of insurance from Lloyds. The policy listed “Certified Paving Bill Dens-more DBA” as the sole named assured. The policy also provided for “The person or persons other than the assured to whom loss shall be payable as interest may appear,” with the name “Ford Motor Credit” inserted in the blank.
Sometime between September 18, 1996 and September 21,1996, the dump truck was allegedly stolen. After receiving proof of loss from Densmore, Lloyd’s failed to pay for the loss of the dump truck for more than 30 days. Accordingly, on March 24, -1997, FMCC filed suit against Lloyd’s and Dens-more in the Twenty-Fourth Judicial District Court for Jefferson Parish. In response, Lloyd’s,filed a declinatory exception of improper venue and a dilatory exception of vagueness. Following a hearing on the exceptions, the trial court denied both exceptions. It is from the adverse ruling on the venue exception that Lloyd’s appeals.
On appeal Lloyd’s points out that the only exception to the general venue article, La. C.C.P. art. 42, that would permit venue in Jefferson Parish, is under La. C.C.P. art. 76, which permits suit on an insurance policy in the parish where the loss occurred or where the insured is domiciled. Lloyd’s argues that the trial court erred in overruling the venue exception in two respects: (1) by finding that FMCC was an insured under the policy and (2) by finding that FMCC’s principal place of business was its domicile rather than its registered office.
FMCC argues, to the contrary, that its domicile is its principle business establishment rather than its registered office and that it is an insured under the |4poIicy because the policy provided that the loss shall be payable to them.[1]
*231 La. C.C.P. art. 42, designating the general rules of venue, provides in pertinent part that an action against “(4) A foreign or alien insurer shall be brought in the parish of East Baton Rouge.” La. C.C.P. art. 76, an exception to the general venue article, provides in pertinent part: “An action on any other type of insurance policy (other than life, health and accident insurance previously covered in the statute) may be brought in the parish where the loss occurred or the insured is domiciled.”
Thus there are two questions to consider in deciding whether venue, in this case, is proper in Jefferson Parish: (1) whether FMCC is an insured under the policy and (2) whether FMCC’s domicile is in Jefferson Parish.
After reviewing the record, briefs and law, we find that the trial court erred in concluding that FMCC was an insured under the policy, issued by Lloyd’s, upon which this suit has been brought.
The policy clearly provides only one named insured, Certified Paving. Under the section of the policy titled “Name and address of the Assured” only one name and address appears in the blank space and it is that of “Certified Paving Bill Densmore DBA, 2601 Old Spanish Trail # 182, Slidell, La 70161.” FMCC is not listed as a named assured. In fact, FMCC is expressly listed as “a person or persons other than the assured” (emphasis Isprovided). In a schedule of the policy, specifically listing the dump truck, the policy again provides: “Name and Address of Assured,” with the name and address of Certified Paving in the blank. Then it provides for “The person or persons other than the assured to whom loss shall be payable as interest may appear” and the name of FMCC is in that blank. The clear language of the policy is controlling and expressly provides that FMCC is not an assured or insured.
Moreover, the jurisprudence has recognized that a loss payee, such as FMCC, under a “simple” loss payee clause, which we have here, is not considered an insured. In Del-Remy Corp. v. Lafayette Ins., Co., 616 So.2d 231 (La.App. 5th Cir.1993) this court considered the question of when a loss payee was considered an insured in the context of a mortgagee and found that when the loss payee clause was a simple one, that is, it “merely provides in effect that the proceeds of the policy shall be paid first to the mortgagee as his interest may appear” the mortgagee is not considered an insured under the policy. Likewise here, FMCC as a loss payee under a simple loss payee clause, “to whom loss shall be payable as interest may appear,” is not an insured under the Lloyd’s policy upon which suit has been brought.
Therefore, we find that the trial court erred in overruling the venue exception filed by Lloyd’s. FMCC, which is not an insured under the Lloyd’s policy, does not come within the exception to the general venue article. FMCC’s suit against Lloyd’s must be brought under the general venue article, La. C.C.P. art. 42(4), which requires that suit against a foreign insurer be filed in East Baton Rouge Parish.
| ^Because of our finding above, that FMCC is not an insured under the policy, we find the second argument raised, concerning the proper domicile of FMCC, to be moot and pretermit consideration of that issue.
Accordingly, for the reasons stated above, the trial court ruling, overruling Lloyd’s exception to venue, is reversed, Lloyd’s exception to venue is granted herein, FMCC is granted 30 days to file its suit against Lloyd’s in the proper venue, and this case is dismissed without prejudice in the 24th Judicial District Court. Cost of appeal shall be paid by FMCC.
REVERSED AND RENDERED.

. FMCC also argues that Lloyd’s did not prove its objection to venue by competent evidence because Lloyd’s failed to introduce into evidence a true, correct and complete copy of the policy. We find this argument lacks merit because it was FMCC itself that attached the portions of the policy to its opposition, made no argument regarding the sufficiency of the evidence in the trial court, and, in fact, admitted, at the hearing, that it was designated as a loss payee under the policy. Under these circumstances, an attack in *231 the appellate court on the sufficiency of the evidence will not be entertained.